IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

R. ALEXANDER ACOSTA, Secretary of Labor, )
United States Department of Labor, )
                                                                            )
                        Plaintiff, ) Civil No. 4:18-cv-00381
                                                                           )
        v. )
                                                                            )
LOCAL 41, INTERNATIONAL )
BROTHERHOOD OF TEAMSTERS, )
                                                                            )
                     Defendant. )

## COMPLAINT

Plaintiff R. Alexander Acosta, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-483 (the "Act"), for a judgment declaring that the November 16, 2017 election of union officers conducted by Local 41, International Brotherhood of Teamsters (Defendant or "Local 41") for the offices of President, Vice President, Secretary-Treasurer, Recording Secretary, and three Trustees is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff R. Alexander Acosta is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Jackson, Missouri, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i) and (j) and 401(b) of the Act (29 U.S.C. §§ 402(i) and (j) and 481(b)).

7. At the time of the election, the Defendant had approximately 6,200 members, including drivers, warehouse workers, and freight workers, who were employed by approximately 100 employers located in Kansas City, MO, Wyandotte County, KS, and Johnson County, KS.

8. Defendant, purporting to act pursuant to the International Brotherhood of Teamsters (IBT) Constitution, conducted an election of officers on November 16, 2017. That election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-483).

9. By letters dated November 13 and 17, 2017, Keith LaCroix, a member in good standing of Defendant, protested Defendant's November 16, 2017 election.

10. By letter dated November 14, 2017, the Defendant referred all of LaCroix's protests to the General President of the IBT.

11. On December 15, 2017, the IBT's Joint Council 56 Executive Board held a hearing addressing all protests relating to the November 16, 2017 election.

12. On February 20, 2018, Joint Council 56 informed LaCroix of its decision to deny his election protests.

13. Having invoked the remedies available for three calendar months without receiving a final decision, LaCroix filed a timely complaint with the Secretary of Labor on March 1, 2018, within the one calendar month required by section 402(a)(2) of the LMRDA, 29 U.S.C. 482(a)(2).

14. By email dated November 19, 2017, George Gardner, a member in good standing of Defendant, protested the November 16, 2017 election.

15. On December 15, 2017, Joint Council 56 addressed Gardner's protests during the hearing referred in paragraph 11.

16. On February 20, 2018, Joint Council 56 notified Gardner of its decision to deny his protest.

17. Having invoked the remedies available for three calendar months without receiving a final decision, Gardner filed a timely complaint with the Secretary of Labor on March 8, 2018, within the one calendar month required by section 402(a)(2) of the LMRDA, 29 U.S.C. 482(a)(2).

18. By letter signed March 13, 2017, the Defendant agreed the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election shall be extended to May 18, 2018.

19. There were three slates running in the election: (1) Teamster Power slate, led by Butch Gardner; (2) Teamsters-4-Teamsters LaCroix slate, led by Keith LaCroix; and (3) Stubbs Team 41 slate, led by Ralph Stubbs. Gardner, LaCroix, and Stubbs were each the candidate for President and Business Representative of their respective slates.

20. Defendant established a closed Facebook group for union members, which Defendant managed and used to keep members aware of upcoming union events. Defendant's Business Agent Susan Barthol-Turner was the page's administrator. Barthol-Turner was responsible for screening all content posted on the page. The union sent out a flyer to members explaining how the group worked and how the posts were approved and monitored. The flyer stated, "You can ask any questions of anyone that you want, post what you want, as long as it is about the Union, and kept within good spirit & respect for the Teamsters Local 41. . . . Everything is cleared, usually the same day through our administrator: Agent – Susan Barthol-Turner."

21. There were approximately 900 members of the Local 41 Facebook group at the time of the November 16, 2017 election.

22. Any member of the group could post on the page with the understanding that all posts would need to be approved by Barthol-Turner before going live on the site.

23. On November 8, 2017, a supporter of the incumbent president, Ralph Stubbs, posted to Defendant's Facebook group. At the end of the post, the supporter wrote "#Stubbs." The post was approved by Barthol-Turner. The post went live that same day. The post remained active on the site for approximately two-and-a-half hours until it was taken down after receiving complaints from the other slates.

4

24. Also on November 8, 2017, Richard Hall, who was a candidate for Secretary-Treasurer on the Teamster Power slate, submitted a campaign post to Defendant's Facebook group for approval. Barthol-Turner did not approve the post because it was viewed as campaigning, which is not allowed on the Defendant's Facebook group page. Hall was a candidate for Secretary-Treasurer.

25. Ballot packages were mailed to every member in good standing on October 24, 2017. Members were required to vote their ballots and return them to the Defendant's post office box in the secret envelope provided.

26. Defendant contracted with Burdiss Lettershop Services to prepare the ballot packages.

27. At some point after the ballot packages were mailed to members, it was discovered that Burdiss incorrectly printed the ballot return envelopes. Each ballot return envelope had a barcode printed on the back containing return address information for the sender. The ballot return envelopes should have had a barcode printed on the front of the envelope with address and postage permit information, as required by the U.S. Postal Service on all business reply mail.

28. This envelope problem resulted in all return ballot envelopes being delayed and many voted ballots being returned back to members.

29. After discovering this issue, Defendant posted on its Facebook page informing members whose voted ballots were returned to them to draw a line through their return address and re-mail it.

30. A second post then advised members who received their voted ballot back to re-mail it or hand deliver it to the post office. In the second post's comments section, Local 41 Vice President John Thompson stated that as long as the return address was legible for eligibility verification, it would be acceptable.

31. The only method Defendant used to communicate with the membership about the envelope problem, including any steps that members were advised to take in response, was posting in the union's Facebook group and informing the stewards and candidates.

32. Local 41 received 160 ballots after the November 16, 2017 ballot tally deadline. Of these, 67 were postmarked on or before November 13, 2017; 80 were postmarked on or after November 14, 2017; and 13 did not have a postmark (which is not required for business reply mail).

33. Despite the instruction to cross out the return address, 23 ballots were voided for having illegible names and addresses. Of these, Plaintiff was able to identify 19 voters' identities using an assigned voter number printed on the ballot return envelope.

34. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-483) had occurred in the conduct of the Defendant's November 14, 2014 election; and (2) that such violations had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

35. Section 401(c) of the Act, 29 U.S.C § 481(c), provides that adequate safeguards be given to insure a fair election.

36. Defendant violated section 401(c) of the Act, 29 U.S.C. § 481(c), during the conduct of the November 16, 2017 election, in that, due to the barcode problem, ballot return envelopes did not ensure that voted ballots would be returned to the union for the tally and Defendant failed to notify members of the correct procedure for sending their ballots to the union for tallying.

37. Section 401(g) of the Act, 29 U.S.C. § 481(g), provides that union funds may not be used to promote the candidacy of any person in an election.

38. Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of the November 16, 2017 election, in that the Defendant's union-run Facebook group was used to promote particular candidates.

39. The violations of section 401(c) and 401(g) of the Act (29 U.S.C. § 481(c) and 481(g)) may have affected the outcome of the Defendant's election for the offices of President, Vice President, Secretary-Treasurer, Recording Secretary, and three Trustees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the offices of President, Vice President, Secretary-Treasurer, Recording-Secretary, and three Trustees to be void;

(b) directing the Defendant to conduct a new election for those offices under the supervision of the Plaintiff;

(c) for the costs of this action; and

7

(d) for such other relief as may be appropriate.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General


TIMOTHY A. GARRISON
United States Attorney


By: */s/ Jane Pansing Brown*
Jane Pansing Brown #30658
Assistant United States Attorney
Charles Evans Whittaker Courthouse
U.S. Attorney's Office
400 East 9th Street, Ste. 5510
Kansas City, Missouri 64106
Telephone: 816-426-3130
Email: jane.brown@usdoj.gov
Fax: 816-426-3165


OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

RADINE LEGUM
Counsel for Labor-Management Programs

JENNIFER FREY
Attorney

DANIEL COLBERT
Attorney

U.S. Department of Labor